Pelham Tank Lines, Inc. ("Pelham"), petitions this Court for a writ of mandamus directing Judge Steven E. Haddock, circuit judge of Morgan County, to vacate his order granting the motion to intervene filed by "Certain Underwriters at Lloyd's, London" ("Lloyd's"). Lloyd's has moved to dismiss the petition as untimely. Because Lloyd's motion is well taken, we grant it and dismiss the petition. Because we dispose of the petition on that basis, we set forth only those facts relevant to that disposition.
On January 6, 2003, Hunt Refining Company, Inc. ("Hunt"), sued Decatur Transit, Inc. ("Decatur"), and Pelham in connection with an asphalt spill at an asphalt ground-storage facility. Decatur answered the complaint and cross-claimed against Pelham. On May 9, 2003, Lloyd's filed its "Motion to Intervene" and "Complaint in Intervention," seeking to recover from Pelham expenses Lloyd's had incurred on behalf of its insured, Decatur, in connection with the cleanup of the asphalt spill. On June 3, 2003, Pelham filed an objection to the motion to intervene and a motion to dismiss the complaint in intervention, *Page 734 
asserting various grounds. On June 19, 2003, Lloyd's filed an amended complaint in intervention. On July 22, 2003, Judge Haddock issued an order granting Lloyd's motion to intervene, denying Pelham's objection to that motion and its motion to dismiss the complaint in intervention, and allowing Pelham 14 days within which to file a responsive pleading to the complaint in intervention.
On August 22, 2003, Pelham filed with Judge Haddock a petition seeking permission "pursuant to Rule 5, Ala. R.App. P., . . . to take an appeal from an interlocutory Order not otherwise appealable. . . ." Pelham sought review of Judge Haddock's order granting Lloyd's motion to intervene and requested that Judge Haddock certify four separate "controlling questions of law" for interlocutory appeal.
On September 18, 2003, Judge Haddock entered an order declining to issue the requested certificate, stating that his order of July 22, 2003, "[did] not involve a controlling question of law as to which there is substantial ground for difference of opinion." See Rule 5, Ala. R.App. P. On October 30, 2003, Pelham filed with this Court the petition for a writ of mandamus now under consideration. Lloyd's has moved to dismiss the petition as untimely, pointing out the following provisions of Rule 21(a), Ala. R.App. P.:
 "The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking a review of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
"The time for taking an appeal" referenced by Rule 21(a) is that established by Rule 4(a)(1), Ala. R.App. P.: "within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." Pelham's petition for the writ of mandamus was not filed until 100 days after Judge Haddock entered his order granting Lloyd's motion to intervene and denying Pelham's objection to that motion and Pelham's motion to dismiss Lloyd's complaint in intervention. The petition contains no "statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." Rule 21(a), Ala. R.App. P.
In response to Lloyd's motion to dismiss the petition because it was untimely and failed to include a statement of circumstances constituting good cause for this Court to consider the petition, Pelham has filed its "Brief in Opposition to Motion to Dismiss Petition for Writ of Mandamus." Its stated defense to Lloyd's motion is twofold. First, it contends that the time for filing a petition for a writ of mandamus was "tolled" when it filed its petition for permission to appeal pursuant to Rule 5, Ala. R.App. P., and that the time thus suspended "did not restart until issuance of Judge Haddock's Order of September 18, 2003, denying Pelham's petition for permission to appeal." Therefore, Pelham argues, its petition for the writ of mandamus was timely, having been filed on the forty-second day following the September 18 order.
This Court addressed a similar situation in Ex parte TroutmanSanders, LLP, 866 So.2d 547 (Ala. 2003). In that mandamus proceeding Troutman Sanders, LLP ("Troutman"), a defendant in two pending cases, had moved in each for a dismissal on the ground of forum non conveniens. After the trial court denied the motion in one *Page 735 
of the cases, Troutman filed a "Motion to Reconsider" that denial in each case. The trial court subsequently denied the dismissal motion in the second case, and then denied the motion to reconsider in the first case. Thereafter, Troutman petitioned this Court for a writ of mandamus; that filing came 79 days after the denial of the motion to dismiss in the first case and 45 days after the denial of the similar motion in the second case. Troutman's petition contained no explanation for its having been filed outside of the 42-day period contemplated by Rule 21. This Court rejected Troutman's argument that the motions to reconsider, when viewed as motions to "alter, amend, or vacate" under Rule 59(e), Ala. R. Civ. P., would have served to toll the time for taking an appeal and, hence, the time for filing a petition for a writ of mandamus. The Court reasoned that a Rule 59(e) motion may properly address only a final judgment and, if directed toward an interlocutory order, such as the denial of a motion to dismiss, has no tolling effect. 866 So.2d at 549-50.
Rule 5(d), Ala. R.App. P., specifies that "[t]he petition for [a permissive] appeal hereunder shall not stay proceedings in the trial court unless the trial judge or the Supreme Court shall so order"; Rule 5 contains no provision for a "tolling effect" on the time for filing a conventional notice of appeal, and no other rule in the Alabama Rules of Appellate Procedure or the Alabama Rules of Civil Procedure accords a tolling effect to the filing of a petition for permission to appeal under Rule 5, much less the preliminary filing with the trial judge of a request for the entry by the judge of the certification required by Rule 5. As noted, Judge Haddock declined to issue the certification necessary for an appeal by permission and accordingly Pelham's attempt to proceed under Rule 5 never reached the stage of an actual filing with this Court of a "petition to appeal from an interlocutory order" pursuant to Rule 5.
In its brief in opposition to Lloyd's motion seeking the dismissal of its petition, Pelham makes this argument in support of its contention that the petition was timely filed:
 "The reliance [by Lloyd's] upon [Ex parte] Troutman Sanders [, LLP, 866 So.2d 547 (Ala. 2003),] is, however, misplaced, in that this Court has held that rulings on intervention by the lower courts are to be appealable as final orders. `In conclusion, we hold: (1) that a denial of a motion for permissive intervention under Rule 24(b), Ala. R. Civ. P., is reviewable on appeal as a final order;' Universal Underwriters Ins. Co. v. [Anglen], 630 So.2d 441 (Ala. 1993). Therefore, the instant case in distinguished from Troutman Sanders in that in that case, the `motion to reconsider' filed by the petitioner was not an appeal from a final order, as the petitioner there was seeking mandamus relief from an interlocutory order denying a motion to dismiss that alleged forum non conveniens. In the instant case, Pelham hereby contends that any appeal from a `final order' should toll the 42-day time period for appeal, and that the lower court rulings on intervention in Alabama have been considered `final orders,' as evidenced in the case cited above, 630 So.2d 441 at 443.
". . . .
 "In conclusion, Lloyd's reliance upon Troutman Sanders is misplaced. Rulings upon matters of Rule 24 intervention are `final orders,' which was not the case with the underlying trial court ruling in Troutman Sanders. As a ruling on a final order, the subsequent Rule 5 petition for permission to appeal should toll the 42-day time period for appeal via Petition for Writ of Mandamus." *Page 736 
Unfortunately, it is Pelham's reliance upon UniversalUnderwriters Insurance Co. v. Anglen, 630 So.2d 441 (Ala. 1993), that is misplaced. That case did not hold generically that "rulings on intervention" are appealable as final orders; its holding was much narrower: that a denial of a permissive intervention was an appealable final order. 630 So.2d at 442. This Court had held in a prior case that an order allowing
intervention is a nonappealable interlocutory order. CovingtonElec. Coop. v. Alabama Power Co., 277 Ala. 162, 167,168 So.2d 5, 10 (1964). (Although Covington Electric predates the adoption of the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure, we perceive nothing in those rules that would call into question the continuing validity of the holding in Covington Electric that an order allowing intervention is an interlocutory, rather than a final, order.) Therefore, we are compelled to conclude that Pelham's petition for the writ of mandamus was not timely.
As noted, however, Rule 21(a) authorizes this Court to consider a petition for writ of mandamus "notwithstanding that it was filed beyond the presumptively reasonable time," if the petition includes "a statement of circumstances constituting good cause for the appellate court to consider the petition." Because Rule 21(a) states that a petition filed beyond the presumptively reasonable time "shall include" such a statement, we held inTroutman Sanders that the inclusion in the petition of such a statement was mandatory, and, because "Troutman's petition contains no explanation for Troutman's failure to file the petition within the 42 days contemplated by Rule 21," this Court was compelled to grant the respondents' motion to dismiss the petition. 866 So.2d at 549. (A footnote explains that Troutman had first acknowledged the timeliness issue in a filing in opposition to the respondents' motion to dismiss the petition.866 So.2d at 549 n. 1.) Justice Lyons, joined by Justices See and Brown, dissented in Troutman Sanders, stating that he would not "treat as fatal" Troutman's failure to include in its petition a statement of circumstances constituting good cause. "I am not prepared to say that such a statement is a jurisdictional requirement and incapable of later submission if the Court deems such submission appropriate." 866 So.2d at 551. Justice Lyons was persuaded to that conclusion "because the revision to the rule [21(a), Ala. R.App. P.] is relatively new [being effective September 1, 2000], because we have not heretofore addressed the effect of a motion to reconsider on the timeliness of a petition for a writ of mandamus, and because of the salutary nature of the practice of seeking reconsideration in a timely fashion before invoking the jurisdiction of this Court." 866 So.2d at 551. The dissent acknowledged that "the main opinion is technically correct in disallowing from the computation of the 42-day period the time during which the motion to reconsider was pending."Id.
Of course, the revision to Rule 21(a), effective September 1, 2000, establishing the 42-day period for appealing from a final judgment as the "presumptively reasonable time" for filing a petition for a writ of mandamus is no longer "relatively new," and Troutman Sanders had been released, although not yet published in the advance sheets of the Southern Reporter, several months before Pelham filed its motion requesting that Judge Haddock certify his order for a permissive appeal under Rule 5.
Even if we consider the statement of circumstances constituting good cause that Pelham now offers in its brief in opposition to Lloyd's motion for dismissal of its mandamus petition, we are not persuaded. Pelham first notes that the Committee *Page 737 
Comments to Rule 21 mention as factors an appellate court should weigh in determining whether to accept an untimely petition
 "the prejudice to the petitioner of the court's not accepting the petition and the prejudice to the opposing party of the court's accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged."
Pelham then simply argues that "[i]n this case, there could be no prejudice to the opposing party as Lloyd's, the intervener, has only recently entered the case, has taken no discovery, nor has it filed any pleadings beyond those pursuant to intervention." Pelham does not address "the impact on the timely administration of justice in the trial court" of our entertaining its petition for the writ of mandamus on the merits. Apart from that brief argument relating to the factors the Committee Comments suggest should be considered, Pelham argues only the following:
 "In the event this Court holds that, as a general policy, Rule 5 appeals by permission do not toll the 42-day presumptively reasonable time for appeal, intervention should be accepted. The effects of intervention by a party on the trial of a cause of action cannot be fully remedied by post-judgment appeal. The intervener's effect on the proceedings occurs during the proceedings and is measured in subjective degrees. Only pre-trial consideration of intervention can assure justice to both the intervener and the party opposed thereto."
(Emphasis in original.) We respectfully decline to adopt a rule pursuant to which an attempt by a party opposing intervention to proceed under Rule 5 will always and automatically toll the time for filing a subsequent petition for a writ of mandamus with this Court. Nothing in the Alabama Rules of Appellate Procedure would preclude a party aggrieved by an order granting intervention from simultaneously proceeding under Rule 5 to attempt to secure a permissive appeal, and proceeding under Rule 21 with a petition to this Court for a writ of mandamus. To always and automatically allow, as Pelham suggests we should, a sequential resort first to Rule 5 and then to Rule 21 would indeed likely have an "impact on the timely administration of justice in the trial court."
Finally, the position Pelham takes before this Court in adamantly characterizing Judge Haddock's order granting Lloyd's motion to intervene as a "final order" (contrary to its characterization of that order as "interlocutory" in the "petition for permission to appeal" it filed with Judge Haddock) is inimical to its "good cause" argument that the time involved in its attempt to proceed under Rule 5 should not be counted against it. The Rule 5 procedure is available only with respect to interlocutory orders; Pelham's appellate level explanation that it attempted to use Rule 5 as a procedural vehicle for obtaining review of a final order is self-defeating as an explanation of good cause for the untimely filing of its petition for a writ of mandamus.
Accordingly, for all of the reasons recited above, we grant Lloyd's motion to dismiss the petition.
PETITION DISMISSED.
NABERS, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, and STUART, JJ., concur.
LYONS and WOODALL, JJ., concur in the result. *Page 738