PER CURIAM.
This matter is before this court on a petition for a writ of mandamus. The materials that have been submitted to this court reveal the following facts.
On September 23, 2003, Richard Owens, Jr., sued Fiber Transport, L.L.C., seeking workers’ compensation benefits. Articles of dissolution filed in the Mobile County Probate Court and dated January 16, 2001, indicate that due to the death of one of its members Fiber Transport was dissolved on September 30, 2000, and the business was closed. The articles of dissolution were signed by Perry S. Fields, the president of Fiber Transport.
On February 10, 2004, Owens moved the trial court to allow him to serve “the defendant” by publication pursuant to Rule 4.3, Ala. R. Civ. P. Owens attached to his motion for service by publication the affidavits of two attorneys who stated that *99 they were attorneys of record in two cases that arose from the same incident as did Owens’s workers’ compensation action and that during the course of’ a third-party action they had been unable to obtain service of process upon Fiber Transport or Fields. Both affidavits indicated that Fiber Transport had ceased operations and had provided no forwarding address. In their affidavits, the attorneys each stated that they had information indicating that Fields had relocated to South Carolina but that in spite of their diligent efforts they had been unable to locate Fields. Each attorney further testified that he believed that Fields had been absent from Alabama for more than 30 days and that he was avoiding service of process.
On March 2, 2004, Fiber Transport filed a limited appearance in the trial court for the sole purpose of objecting to Owens’s motion for service by publication. That same day, the trial court entered an order granting Owens’s motion to serve “the defendant” by publication pursuant to Rule 4.3. On April 28, 2004, Fiber Transport filed a “motion to reconsider” the March 2, 2004, order; in that motion, Fiber Transport asserted, among other things, that its attorney had not received a copy of the trial court’s March 2, 2004, order until April 20, 2004.
In its brief submitted in support of its petition for a writ of mandamus, Fiber Transport asserts that the trial court conducted a hearing on its “motion to reconsider” the March 2, 2004, order and that during that hearing the trial court orally entered an order denying that motion. On July 1, 2004, Fiber Transport filed its petition for a writ of mandamus asking this court to order the trial court to vacate its March 2, 2004, order.
Owens argues that Fiber Transport did not file its petition for a writ of mandamus within a reasonable time. Therefore, Owens argues, this court should dismiss the petition for the writ. We find the issue of the timeliness of Fiber Transport’s petition for a writ of mandamus to be dispositive.
Rule 21(a), Ala. R.App. P., provides in part that:
“The, petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
(Emphasis added.)
In Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala.2003), our supreme court addressed the issue whether a petition for a writ of mandamus was timely filed under Rule 21, Ala. R.App. P. In that case, the petitioner filed motions to dismiss the plaintiffs’ claims against it, and the trial court entered orders denying those motions. The petitioner filed “motions to reconsider”[1] those denials, and, after those motions were denied, it petitioned for a writ of mandamus. The petitioner argued that its petition was timely filed because the time for determining the reasonableness of the filing commenced at the time the trial court ruled on its “post-judgment” motions. Our supreme court rejected that argument and dismissed the petition as being untimely filed. In doing so, the court noted that the denials of the *100 motions to dismiss were interlocutory orders and that Rule 59(e), Ala.- R. Civ. P., which would toll the time for taking an appeal or the presumptively reasonable time for filing a petition for a writ of mandamus, applied only with, regard to final judgments. Ex parte Troutman Sanders, LLP, 866 So.2d at 549-50. The court concluded that the petition for a writ of mandamus was untimely filed because “the tolling effect of Rule 59 is not involved with respect to motions to ‘reconsider’ interlocutory orders.” Ex parte Troutman Sanders, LLP, 866 So.2d at 550. The court further cited as a basis for dismissing the petition the fact that the petitioner had failed to explain its failure to file its petition within a presumptively reasonable time. Id.
Another recent supreme court case relied on Ex parte Troutman Sanders, LLP, supra, in concluding that a petition for a writ of mandamus was not timely filed. See Ex parte Pelham Tank Lines, Inc., 898 So.2d 733 (Ala.2004). In that case, Pelham Tank Lines, Inc. (“Pelham”), sued Decatur Transit, Inc. (“Decatur”), and Decatur’s underwriter, Lloyd’s of London (“Lloyd’s”), moved to intervene. On July 22, 2003, the trial court entered an order that, among other things, granted Lloyd’s motion to intervene. On August 22, 2003, Pelham moved, pursuant to Rule 5, Ala. R.App. P., for permission to appeal the July 22, 2003, order; the trial court denied that request on September 18, 2003. Pel-ham then petitioned our supreme court for a writ of mandamus. Lloyd’s, citing Rule 21(a), Ala. R.App. P., moved that court to dismiss the petition, arguing in its motion that the petition was untimely and that it did not contain a statement of circumstances that would constitute good cause for the court to consider the untimely petition. Our supreme court, citing Ex parte Troutman Sanders, LLP, supra, concluded that the July 22, 2003, order allowing Lloyd’s to intervene was an interlocutory order. Therefore, it held Pelham’s petition, which was filed outside the 42-day period contemplated by Rule 21, was not timely filed. In so holding, the court also stated that a party may not move to proceed under Rule 5 and thereby toll the time by which it could file a petition for a writ of mandamus under Rule 21; the court noted that nothing would prevent a party from proceeding simultaneously under Rule 5 and Rule 21. Ex parte Pelham Tank Lines,. Inc., 898 So.2d at 737
The order from which Fiber Transport seeks relief in its petition for a writ of mandamus is the trial court’s March 2, 2004, order granting Owens’s motion for service by publication. Fiber Transport filed its petition for a writ of mandamus from that interlocutory order on July 1, 2004, well outside the “presumptively reasonable” 42-day period contemplated by Rule 21. Therefore, it is clear that under the precedent of Ex parte Pelham Tank Lines, Inc., supra, and Ex parte Troutman Sanders, LLP, supra, Fiber Transport’s petition for a writ of mandamus is untimely.
An appellate court may consider an untimely petition for a writ of mandamus if the petitioner includes in its untimely petition a “statement of circumstances constituting good cause for the appellate court to consider the [untimely] petition.” Rule 21(a), Ala. R.App. P. The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory. Ex parte Pelham Tank Lines, Inc., supra; Ex parte Troutman Sanders, LLP, 866 So.2d at 550 (dismissing an untimely petition for a writ of mandamus where the petitioner had “offered no explanation for its failure to file the petition within a presumptively reasonable time”). The “Committee Comments to Amendments to Rule *101 21(a) and 21(e)(4) Effective September 1, 2000,” set forth the following factors for an appellate court to consider in determining whether good cause exists for the court to consider an untimely petition for a writ of mandamus:
“[T]he prejudice to the petitioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.”
Fiber Transport argues that it has demonstrated circumstances constituting “good cause” for this court to consider its petition. In making that argument, Fiber Transport has not addressed the factors listed in the Committee Comments to Rule 21. Rather, Fiber Transport first asserts that it did not receive a copy of the March 2, 2004, order from the circuit clerk’s office until April 20, 2004, and that it filed its “motion to reconsider” shortly after it received that order.[2] Fiber Transport also asserts that its filing of the petition for a writ of mandamus was further delayed by the trial court’s scheduling a hearing on its “motion to reconsider” and its inability to locate a transcript of that hearing. Fiber Transport argues that those facts demonstrate that it was not dilatory in filing its petition. However, as stated earlier in this opinion, the time for appealing from or for petitioning for a writ of mandamus on an interlocutory order such as the trial court’s March 2, 2004, order is not tolled by a motion filed pursuant to Rule 59, Ala. R. Civ. P. See Ex parte Pelham Tank Lines, Inc., supra; Ex parte Troutman Sanders, LLP, supra. Therefore, the timing of Fiber Transport’s - filing of its “motion to reconsider” or of the hearing conducted on that motion are not relevant to the issue whether Fiber Transport had stated circumstances constituting “good cause” for its delay in filing its petition for a writ of mandamus.
Fiber Transport also argues that this court should consider its untimely petition because, once Owens completes the service by publication, Fiber Transport could again raise the defense of lack of proper service in its answer and, assuming an adverse ruling, in a subsequent .petition for a writ of mandamus. In other words, Fiber Transport argues that because the defense of lack of proper service is not yet barred, this court should consider its current petition. However, this, court declines to consider an untimely petition for a writ of mandamus based on the argument that a party might later file a timely petition for a writ of mandamus addressing the same issue.
For the foregoing reasons, and because Fiber Transport has not addressed the factors listed in the Committee Comments to Rule 21 in discussing whether good cause exists for this court to consider its untimely petition for a writ of mandamus, this court must dismiss Fiber Transport’s petition. Ex parte Pelham Tank Lines, Inc., supra; Ex parte Troutman Sanders, LLP, supra.
PETITION DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs specially, with writing.

. The supreme court treated the “motions to reconsider” as postjudgment motions filed pursuant to Rule 59(e), Ála. R. Civ. P. 866 So.2d at 549.'

. Given our resolution of the dispositive issue in this case, we decline to address Owens’s argument that Fiber Transport failed to comply with Rule 77(d), Ala. R. Civ. P.