PER CURIAM.
On October 6, 2011, Angela O. Landry (“the mother”) filed a complaint containing two counts. In the first count, the mother alleged that Boyd James Landry (“the fa *717 ther”) had been ordered by the Autauga Circuit Court (“the trial court”) to notify her, her attorney, and the trial court if and when he obtained employment and that the father had willfully and contumaciously violated that order. The mother further alleged that the father had accrued child-support arrearages since a previous hearing in November 2010. The mother requested that the father be cited for contempt of court, that he be incarcerated for his actions, and that he be ordered to pay her attorney’s fees. In the second count, the mother alleged that the parties’ oldest child, Br.L., had graduated from high school, was enrolled at the University of Alabama, and was nearing her 19th birthday. The mother sought postminority educational support from the father in accordance with Ex parte Bayliss, 550 So.2d 986 (Ala.1989). The mother also requested that the trial court recalculate the father’s child-support obligation for the parties’ younger children when Br.L. turned 19, modify the divorce judgment to require the mother to carry health insurance on the children with the father to reimburse her for expenses not covered by insurance, and order the father to pay all of his child-support arrearages. At the February 14, 2012, trial, the mother orally amended her complaint to add a contempt claim against the father for his alleged willful refusal to respond to discovery as ordered by the trial court on January 24, 2012.
During the course of the proceedings, the father asserted that the mother’s complaint violated the automatic stay in effect in his pending bankruptcy proceeding. See 11 U.S.C. § 362. The father apparently filed an adversary proceeding in the bankruptcy court, accusing the mother and her attorney of violating the automatic stay. On the date of the trial, the mother’s attorney notified the trial court of that development and informed the trial court that he had agreed with the father’s counsel not to pursue certain of the mother’s claims pending the outcome of a motion to lift the stay in the father’s pending bankruptcy proceeding and the adversary proceeding. The father, who was acting pro se, acknowledged in open court that some agreement had been reached between the parties limiting the scope of the issues that would be tried that date. The record indicates that, after a long colloquy, both parties agreed that the trial court would receive evidence regarding only whether the father had committed contempt by failing to provide notice of his reemployment and by failing to answer the mother’s discovery requests before the trial. The parties further agreed that the trial court would hear evidence on the mother’s claim for Bayliss support and her request for a modification of the father’s child-support obligation for the younger children. The parties agreed that the arrearage issues would not be resolved at that hearing.
On March 2, 2012, the trial court entered a judgment, which it amended on March 15, 2012. In its judgment, as amended, the trial court awarded the mother Bayliss support for Br.L., modified the father’s child-support obligation for the younger children, and modified the health-insurance provisions of the divorce judgment to require the mother to provide health insurance for all the children. The trial court also found the father in criminal contempt for failing to notify the trial court that he had obtained employment and for failing to respond to the mother’s discovery requests as the trial court previously had ordered. However, the trial court reserved imposing punishment against the father on the contempt finding because of the father’s pending bankruptcy proceeding. The trial court further reserved all issues regarding the mother’s child-support-arrearage claim for further *718 hearing because of the father’s pending bankruptcy proceeding.
The father initially filed a notice of appeal in this case on April 24, 2012; referencing the appeal number assigned by this court, he then filed a petition for a writ of mandamus on May 4, 2012, asserting that the March 15, 2012, order was not final. Upon preliminary review, this court decided to treat the appellate proceeding initiated by the father as an appeal for the purposes of compiling a record. The mother subsequently filed a motion to dismiss the appeal. Although the mother entitled her motion as “requesting appeal to be dismissed as untimely filed,” in the body of her motion the mother argued that the judgment was nonfinal because the last paragraph of the judgment stated: “That this ease is otherwise continued for further hearing upon the motion of either party.” This court denied the mother’s motion to dismiss the appeal on June 19, 2012. After further procedural wrangling over the content of the record, this court ordered the parties to brief the issues, which briefing ended on November 26, 2012, and the case was submitted to this court for decision.
After reviewing the record that has been compiled, it is now apparent to this court that the trial court did not enter a final judgment on March 15, 2012, as both parties at one point or another believed. The March 15, 2012, judgment failed to completely adjudicate the contempt claims because it left open any punishment to be meted out against the father on the contempt finding. The judgment also failed to adjudicate the mother’s child-support-arrearage claim or her contempt claim against the father based on the accumulation of that arrearage.
“Tt is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’” Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999) (quoting Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981)).
“An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. See Stone v. Haley, 812 So.2d 1245 (Ala.Civ.App.2001). In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ. P.”
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002). Upon a determination that a judgment is not final, this court has discretion to treat an appeal as a petition for a writ of mandamus. See Campton v. Miller, 19 So.3d 245 (Ala.Civ.App.2009). Because the father raised the same issues in both his appeal and his petition for a writ of mandamus, we find that the mother would not be prejudiced if we treat the appeal as a petition for a writ of mandamus; therefore, we elect to do so.
Interlocutory orders may be reviewed by a petition for a writ of mandamus. Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047, 1049 (Ala.1996). However, it is not “ ‘ “the proper function of [a petition for a writ of mandamus] to re-examine, or correct errors in any judgment or decreeEx parte C & D Logging, 3 So.3d 930, 936 (Ala.Civ.App.2008) (quoting State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972), quoting in turn State v. Williams, 69 Ala. 311, 316 (1881)). A petition for a writ of mandamus “ ‘cannot be used as a substitute for an appeal.’ ” Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1045 (Ala.Civ.App.2002) (quoting Ex parte Empire Fire & Marine Ins. *719 Co., 720 So.2d 893, 894 (Ala.1998)). In his petition for a writ of mandamus, the father seeks review of the merits of several of the factual and legal determinations made by the trial court, as well as review of the procedure by which the trial court found him in contempt. If any errors have been committed by the trial court in those regards, those errors would be correctable on appeal and cannot be reviewed via a petition for a writ of mandamus.
The father also asserts that the trial court’s March 15, 2012, judgment is void because it violates the automatic stay entered pursuant to 11 U.S.C. § 362 at the time the father filed his bankruptcy petition. See 11 U.S.C. § 362 (recognizing that, upon the filing of a bankruptcy petition, all other judicial and administrative actions, with certain enumerated exceptions, against the debtor are automatically stayed); and Ex parte Williford, 902 So.2d 658, 662 (Ala.2004) (“ ‘[Controlling authority in this circuit provides that actions taken in violation of the automatic stay are void.’” (quoting memorandum decision of bankruptcy court)). See also Caffey v. Russell (In re Caffey), 384 B.R. 297, 306 (Bankr.S.D.Ala.2008) (“In the Eleventh Circuit ‘[a]ctions taken in violation of the automatic stay are void and without effect.’ United States v. White, 466 F.3d 1241, 1244 (11th Cir.2006) (citing Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982) (citing numerous cases from other circuits)).”). The question of jurisdiction is reviewable by a petition for a writ of mandamus, Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000), and a void judgment will not support an appeal, see Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)) (“A void judgment will not support an appeal and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ”). As a result, we consider the father’s petition as to this issue.
We agree with the father that, as a general rule, upon a debtor’s filing a bankruptcy petition, 11 U.S.C. § 362(a) operates to stay all actions or proceedings against the debtor that could impact the debtor’s estate or the rights of the debtor’s creditors. 11 U.S.C. § 362(b), however, provides certain exceptions to the broad reach of the automatic stay imposed by § 362(a). Section 362(b) provides, in pertinent part, that the filing of a bankruptcy petition does not operate as a stay
“(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;
“(2) under subsection (a)—
“(A) of the commencement or continuation of a civil action or proceeding—
“(ii) for the establishment or modification of an order for domestic support obligations;
“(B) of the collection of a domestic support obligation from property that is not the property of the estate.”[1]
*720 Thus, § 362(b) provides exceptions to the automatic stay for criminal proceedings against the debtor and for certain enumerated civil proceedings against the debtor. We, therefore, must determine the nature of the trial-court proceedings against the father.
In her complaint, the mother sought a finding of criminal contempt against the father for his willful and contumacious failure to comply with the trial court’s order regarding his employment, and, in her amended complaint, she sought a finding of criminal contempt for the father’s failure to respond to her discovery requests as ordered by the trial court. In her contempt claims, the mother did not seek to recover any debt or past-due payment of a domestic-support obligation from the father, which would be impermissible under 11 U.S.C. § 362. See Caffey, supra. The mother sought to impose a penalty against the father for his having contemptuously violated orders of the trial court. In its order, the trial court held the father in criminal contempt.[2] As a result, the exception to the automatic stay found in 11 U.S.C. 362(b)(1) for the commencement or continuation of a criminal action against a debtor is applicable to the contempt claims that were addressed in the trial-court proceedings. See Guariglia v. Community Nat’l Bank & Trust Co., 382 F.Supp. 758, 761 (E.D.N.Y.1974), aff'd, 516 F.2d 896 (2d Cir.1975) (holding that, if contempt proceeding is, in reality, one to punish debtor for contumacious conduct against dignity of either state or federal court, bankruptcy court should not raise its hand to stay proceeding).
In her complaint the mother also sought to modify the father’s child-support obligation, both to add an obligation to pay postminority educational support for Br.L. and to adjust the father’s child-support obligation for the parties’ remaining children. The exception to the automatic stay found in § 362(b)(2)(A)(ii) applies to the commencement or continuation of a civil action or proceeding for the establishment or modification of an order for domestic-support obligations, including child-support orders. That portion of the mother’s complaint seeking an adjustment of the father’s child-support obligation falls within the plain language of § 362(b)(2)(A)(ii) and clearly does not come within the scope of the automatic stay. Because Alabama law treats postmi-nority educational support as a form of child support that may only be awarded through a timely filed action in a domestic-relations proceeding, see Ex parte Bayliss, supra, we conclude that a complaint seeking a modification of a divorce judgment to obtain such support initiates a civil action to establish a domestic-support obligation that comes within the exception to the automatic bankruptcy stay set out in § 362(b) (2) (A) (ii). Therefore, the orders of the trial court awarding Bayliss support for Br.L. and modifying the father’s child-support obligation for the parties’ remaining minor children are not void as violating the bankruptcy stay.
*721 Although the mother also initially sought a money judgment awarding her the amount of certain arrearages she asserted had been accumulated by the father since the previous judgment, the parties agreed that issues regarding those arrearages, i.e., the collection of a domestic-support order, would not be considered by the trial court until a later date because of the father’s pending bankruptcy proceedings. Accordingly, the trial court did not enter any judgment establishing an arrearage or authorizing the mother to collect an ar-rearage. Hence, no part of the March 15, 2012, order is void for violating the automatic bankruptcy stay. Cf 11 U.S.C. § 362(b)(B); Benjamin v. Benjamin, 858 So.2d 270, 271-72 (Ala.Civ.App.2003) (recognizing that, because the former husband had filed a bankruptcy petition, the automatic stay prevented collection of a debt that former husband owed to former wife’s father; that stay, however, did not prevent the trial court from finding that a material change in circumstances had occurred due to former husband’s failure to pay his share of that debt and warranting an increase in the former wife’s periodic alimony because she was covering his portion of that debt); and Hill v. Hill, 730 So.2d 248, 251 (Ala.Civ.App.1999) (recognizing that the filing of a bankruptcy petition stays the determination in a divorce case of the debtor’s interests in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance, or support).
Based on the above, we conclude that all the issues considered by the trial court were excepted from the automatic stay. As a result, the father has failed to establish that any portion of the trial court’s order was void because it violated the automatic stay.
The father additionally contends that the trial judge, Judge Sibley Reynolds, failed to recuse himself. An adverse ruling on a motion to recuse can be reviewed via a petition for a writ of mandamus. Ex parte Melof, 553 So.2d 554, 556 (Ala.1989). However, Judge Reynolds denied the motion to recuse on January 24, 2012, and the father did not institute this appellate proceeding until April 24, 2012. Rule 21(a)(3), Ala. R.App. P., governs the time for filing mandamus petitions, and it provides, in pertinent part:
“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
The father had 42 days from the entry of the order on January 24, 2012, within which to file a petition for a writ of mandamus. Rule 4(a), Ala. R.App. P. The. father instituted this appellate proceeding and filed his petition more than 42 days after the order denying his motion to recuse was entered. Although the father filed a motion to reconsider that order, that motion did not toll the time for filing the petition for a writ of mandamus. See Ex parte Fiber Transp., L.L.C., 902 So.2d 98, 100 (Ala.Civ.App.2004). The father also did not file a statement showing good cause for his failure to timely file the petition. Id.
The father finally asserts that the trial court lacked subject-matter jurisdiction over the proceedings. “We note that a lack of subject-matter jurisdiction *722 may be raised at any time, and that the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.” Ex parte Flint Constr. Co., 775 So.2d at 808. Thus, we consider the father’s petition as to that issue.
The father asserts that the trial court lacked jurisdiction to adjudicate the contempt and child-support-modifieation claims asserted in the complaint filed by the mother on October 6, 2011. The father notes that this court declared the trial court’s February 28, 2011, judgment to be void in Landry v. Landry, 91 So.3d 88 (Ala.Civ.App.2012) (“Landry III ”), and ordered the trial court to vacate that judgment. The father argues that the mother based one of the contempt claims and the child-support-modification claim on that void judgment and that, therefore, the trial court could not adjudicate those claims.
In her complaint, the mother alleged that the trial court had entered a “general order” requiring the father to notify her, her attorney, and the trial court when he obtained new employment. The mother did not cite the February 28, 2011, judgment in her complaint. This court has reviewed that judgment, which is contained in the record in Landry III, see Ex parte Cade, 521 So.2d 85, 87-88 (Ala.1987) (defining the circumstances in which appellate court can take judicial notice of a record in a prior appeal), and finds that the February 28, 2011, judgment does not contain any provision requiring the father to notify the trial court of his reemployment. At trial, the mother did not attempt to prove that the father had violated the February 28, 2011, judgment as the basis for her contempt claim.
With regard to the child-support-modification aspect of her complaint, the mother specifically requested the trial court to modify the “original divorce settlement agreement of the parties,” referring to the October 4, 2007, divorce judgment, so as to award her postminority support for the benefit of the parties’ oldest child. The mother also requested that the trial court recalculate the father’s child-support obligation for the parties’ younger children once the oldest child attained the age of majority. The mother did not base either of those modification claims on the February 28, 2011, judgment, nor did she present any evidence at trial to that effect.
Hence, we conclude that the father has not proven his premise that the contempt and modification claims arose out of the void February 28, 2011, judgment. Thus, because the father’s argument that the trial court lacked subject-matter jurisdiction to adjudicate the mother’s complaint is based entirely on that incorrect premise, we need not address it.
In summary, we elect to treat the father’s appeal as a petition for a writ of mandamus. We dismiss the petition for a writ of mandamus insofar as it raises issues more appropriately decided on appeal and insofar as it untimely raises issues regarding the order denying the motion to recuse. We deny the petition for a writ of mandamus to the extent it seeks relief from the March 15, 2012, order on the grounds that the trial court lacked subject-matter jurisdiction to enter that order and that the order violated 11 U.S.C. § 862.
The father’s motion to strike is granted. The mother’s request for the award of attorney fees on appeal is denied.
PETITION DISMISSED IN PART AND DENIED IN PART.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. A “domestic support obligation” is defined at 11 U.S.C. § 101(14A). The Bankruptcy Law Manual describes such an obligation as
"all obligations in the nature of alimony, maintenance, or support of a spouse, former spouse, or child of the debtor or such child's parent without regard to whether the debt is expressly so designated. To come within the definition, the obligation must be owed to or recoverable by a spouse, former spouse, or child of the debt- or or such child’s parent, legal guardian, or responsible relative or owed to or recoverable by a governmental unit. Only such obligations that are established or subject to establishment before, on, or after the date *720 of the order for relief by reason of applicable provisions of a separation agreement, divorce decree, or property settlement agreement, an order of a court of record, or a determination made in accordance with applicable nonbankruptcy law by a governmental unit are included.”
Nancy C. Dreher, Bankruptcy Law Manual § 7.15 (5th ed.2012) (footnotes omitted).

. "A finding of criminal contempt is appropriate where a party has shown disobedience to a court's order and where the acts complained of were specific, identifiable violations from the past.” Fludd v. Gibbs, 817 So.2d 711, 714 (Ala.Civ.App.2001). Additionally, “[i]n an Alabama court, a 'criminal contempt’ proceeding need not be commenced by the State.” Fludd, 817 So.2d at 715.