MOORE, Judge.
Boyd J. Landry (“the father”) appeals from a judgment entered by the Autauga Circuit Court (“the trial court”) in case no. DR-06-65.06 (“the .06 action”). We affirm.

Background

The trial court divorced the father from Angela 0. Landry (“the mother”) in 2007. In that divorce judgment, the trial court ordered the father to pay, among other things, $2,500 per month as child support for the parties’ four children. Since that time, the parties have been before the trial court on multiple occasions, including in case no. DR-06-65.04 (“the .04 action”) and in case no. DR-06-65.05 (“the .05 action”). In Landry v. Landry, 91 So.3d 88 (Ala.Civ.App.2012), this court determined that the trial court had not entered a final judgment in the .04 action and dismissed an appeal arising from that action. In Ex parte Landry, 117 So.3d 714 (Ala.Civ.App.2013), this court, in ruling on a petition for a writ of mandamus filed by the father, determined that the trial court had not entered a final judgment in the .05 action. Those actions remained pending when, on September 10, 2012, the father initiated the .06 action seeking to suspend his child-support obligation.
The mother subsequently filed a counterclaim in the .06 action, seeking to hold the father in contempt. On September 16, 2013, the trial court consolidated the .04 action, the .05 action, and the .06 action for the purpose of conducting a final hearing. On November 13, 2013, after an ore tenus hearing, the trial court entered a judgment purporting to adjudicate the pending claims in all three actions. As to the .06 action, the judgment, as amended in response the postjudgment motion filed by the father, among other things, denied the father’s motion to recuse, found the father in contempt, and awarded the mother $5,533.05 in attorney’s fees. The father timely filed a notice of appeal.

Analysis

As an initial matter, we note that, when the trial court consolidated the three actions, those actions did not lose then-separate identities and the trial court was obligated to enter a separate judgment in each action. Casey v. Casey, 85 So.3d 435, 439-40 (Ala.Civ.App.2011) (citing H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009)). From a review of the record on appeal, it appears that, although the trial court referred in its judgment to all three actions, the trial court entered a final judgment only in the .06 action. Thus, the .04 action and the .05 action remain pending before the trial court awaiting entry of a final judgment. We cannot, and do not, in this appeal consider any issues arising out of the .04 action and the .05 action.
*555 The first issue properly before us concerns whether the trial court had jurisdiction to rule on the mother’s counterclaim for contempt in .the .06 action. The father argues that, a contempt action may not be joined in the same action as a modification petition, relying in part on Opinion of the Clerk No. 25, 381 So.2d 58 (Ala.1980). However, at the time Opinion of the Clerk was issued, Rule 33.3, Ala. R.Crim. P., governed ’ contempt actions. As recognized in Austin v. Austin, 159 So.3d 753 (Ala.Civ.App.2013), Rule 70A, Ala. R. Civ. P., now governs contempt proceedings arising out of civil actions, and a contempt claim may be asserted in a civil action along with other claims. Austin, 159 So.3d at 757 (citing Rule 18, Ala. R. Civ. P.; and Ex parte Boykin, 656 So.2d 821, 827 n. 5 (Ala.Civ.App.1994)). Thus, the mother was entitled to assert her contempt claim against the father in the pending modification action.
The father also asserts that, in the .06 action, the mother failed to pay the filing, fee required by Ala.Code 1975, § 12-19-71(a) (requiring a filing fee for cases filed in the domestic-relations docket of the circuit court), to support her counterclaim and that, as a result, the trial court never acquired subject-matter jurisdiction over that counterclaim. Alabama Code 1975, § 12-19-71(a)(8), provides that “[t]he filing fees which shall be collected' in civil cases shall be: ... [t]wo hundred ninety-seven dollars ($297) for a counterclaim, cross claim, third party complaint, a third party motion, or an action for a declaratory judgment filed in a civil action of the circuit court other than cases filed on the domestic relations docket of the circuit court.” (Emphasis added.) That subsection does not direct the payment of any filing fee for a counterclaim in a domestic-relations case. However, Ala.Code 1975, § 12-19-71(a)(7), provides, that the clerk shall collect a fee 'of “[t]wo hundred forty-eight dollars ($248) for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order.” Reading those provisions, in pari moieria,,we conclude that the legislature intended that a filing fee of $248 would be collected when a party files a counterclaim seeking to enforce a prior domestic-relations judgment. See Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1381 (Ala.1979) (“[Pjarts of the same statute are in pari materia and each part is entitled to equal weight.”)..
In Espinoza v. Rudolph, 46 So.3d 403, 413-14 (Ala.2010),’the supreme court held that “Section 12-19-71(a)(8), Ala.Code 1975, requires the clerk to collect a filing fee for a counterclaim filed in- the circuit court.” However, the court determined in Espinoza that the fee for filing a counterclaim does not have to be collécted at the time the counterclaim is filed and that a counterclaim is considered “filed” and part of the action over which a trial court has jurisdiction when it is properly delivered to the clerk. In Espinoza, the defendant did not originally pay a filing fee, but the trial court later ordered payment of the filing fee, and the clerk collected the fee, as a condition to maintain the counterclaim after the complaint was dismissed. 46 So.3d at 408-09. Hence, the supreme court did not have any occasion to address the situation in which no filing fee has been collected on a counterclaim. Nevertheless, in dicta, the court stated:
“We note that, when the requirements of § 12-19-71[, Ala.Code 1975,] have not been satisfied, the trial court may stay the time for answering the counterclaim or conducting discovery or litigating the counterclaim until the fee is paid or may make such other orders as are reasonable and necessary to ensure ¡payment. -Consequently, a counterclaim defendant is not without incentive to take note..of, *556 and timely object to, the nonpayment of the filing fee.”
46 So.3d at 414 n. 12.
In Hudson v. Hudson, 178 So.3d 861 (Ala.Civ.App.2014) (opinion on original submission), this court held:
“We read Espinoza [v. Rudolph, 46 So.3d 403 (Ala.2010),] as holding that the failure to pay a filing fee does not divest •the trial court of jurisdiction over a counterclaim. A trial court may, in its discretion,-' stay any proceedings on a counterclaim in order to ensure payment of the filing fee,, and a counterclaim defendant may move the .trial court to do so. However, a trial court does not act without jurisdiction if,it fails to take such steps before adjudieáting a counterclaim, even upon a motion of a counterclaim defendant.”
178 So.3d at 869. In this case, the father raised the issue of nonpayment of the filing fee for the first time in his motion to alter, amend, or vacate the judgment when he asserted that the trial court had acted without jurisdiction in ruling on the counterclaim for contempt. As we held in Hudson, the failure to collect a filing fee for a counterclaim does not deprive a trial court of jurisdiction over the counterclaim. The trial court shohld have assured that the mother paid the filing fee, but the trial court did not lack subject-matter jurisdiction over thé counterclaim solely because that fee had'riot been collected.
We finally address the father’s argument that the trial court exceeded its discretion in denying his motion to recuse. It appears that the father did not properly preserve that argument for appellate review. In Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996), the supreme court held that the denial of a motion to recuse may be reviewed on appeal from a final judgment on ,the merits “if the party chooses to preserve-the alleged error by properly objecting to the denial of the motion and then proceeds to trial.” The trial judge denied the father’s motion to recuse at the beginning of the'November 13, 2013, final hearing. The father did not lodge an objection to the ruling, and he later failed to raise the issue in his postjudgment motion.
Nevertheless, we conclude that, even if the issue has been properly preserved, the trial court did not commit reversible error in denying the motion to recuse. The father argues that the trial judge should have recused’ himself because the trial judge had displayed bias against him in making repeated adverse rulings against the father during the repeated litigation with the mother. However, adverse rulings are insufficient to establish bias by the trial judge that would necessitate recu-sal under Canon 3.C.(l)(a) of the Alabama Canons of Judicial Ethics. Henderson v. G & G Corp., 582 So.2d 529, 530-31 (Ala.1991) (“Adverse rulings during the course of proceedings are not by themselves sufficient to establish bias and prejudice on the part of the judge.”). Hence, we conclude that the trial court did not exceed its discretion in denying the motion to recuse. Franklin v. Woodmere at the Lake, 89 So.3d 144, 152 (Ala.Civ.App.2011) (citing Ex parte Melof, 553 So.2d 554, 557 (Ala.1989), abrogated on other grounds, Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996)) (establishing standard of review for rulings on motions tb recuse).

Conclusion

Because the father appealed solely from the judgment entered in the .06 action, we do not discuss any matters arising solely from the .04 action and the .05 action. As to the judgment in the .06 action, we affirm. The father’s and the mother’s re *557 quests for , an award of attorney fees on appeal are denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, tod DONALDSON, J J.; concur. •