THOMAS, Judge.
W.C.R. (“the alleged father”) petitions this court for a writ of mandamus directing the Madison Circuit Court to vacate its order denying his motion to dismiss the underlying action for lack of personal jurisdiction and to enter an order granting his motion. We grant the petition and issue the writ.
On December 27, 2011, N.L.J. (“the mother”) filed a complaint seeking determinations as to paternity, custody, and child support regarding her child. In her complaint, the mother alleged that the alleged father was her child’s biological father. The alleged father was served with the mother’s complaint by a sheriff in Louisiana on January 3, 2012. The alleged father retained legal counsel and filed a special appearance for the purpose of challenging the jurisdiction of the trial court. On January 17, 2012, the alleged father filed a motion to dismiss the mother’s complaint for lack of personal jurisdiction.[1] The trial court held a hearing regarding the alleged father’s motion to dismiss. Following the hearing, on February 7, 2012, the trial court entered an order denying the alleged father’s motion to dismiss the mother’s complaint. On February 8, 2012, the alleged father timely petitioned this court for a writ of mandamus.
The alleged father contends that the trial court lacked personal jurisdiction over him. Specifically, the alleged father asserts.that he has had no contacts with the State of Alabama and has never been to the State of Alabama and, thus, that his contacts with the State of Alabama were insufficient to give the trial court in per-sonam jurisdiction over him.
“ ‘[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction.’ Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala.2003). ‘A petitioner may be entitled to a writ of mandamus in such a case upon a showing of a clear legal right to an order dismissing the action against it.’ Ex parte First Western Bank, 898 So.2d 701, 704 (Ala.2004). ‘“The burden of establishing a' clear legal right to the relief sought rests with the petitioner.” ’ Ex parte Dangerfield, 49 So.3d 675, 680 (Ála.2010) (quoting Ex parte Metropolitan Prop. & Cas. Ins. Co., 974 So.2d 967, 972 (Ala.2007)).”
Ex parte McNeese Title, LLC, 82 So.3d 670, 673 (Ala.2011).
*1146 In his petition for a writ of mandamus, the alleged father argues that the trial court erred in denying his motion to dismiss the mother’s action for lack of personal jurisdiction because, he says, it is clear that, pursuant to Ala.Code- 1975, § 30-BA-201, the trial court lacked personal jurisdiction over the alleged father. We agree.
In denying the alleged father’s motion to dismiss, the trial court determined that it had personal jurisdiction over the father pursuant to § 30-3A-201. Section 30-3A-201 states:
“In a proceeding to establish, enforce, or modify a support order or to determine parentage, a court of this state may exercise personal jurisdiction over a nonresident individual or the individual’s guardian or conservator if:
“(1) the individual is personally served with summons and complaint within this state;
“(2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
“(3) the individual resided with the child in this state;
“(4) the individual resided in this state and provided prenatal expenses or support for the child;
“(5) the child resides in this state as a result of the acts or directives of the individual;
“(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
“(7) the individual asserted parentage in the putative father registry as provided in Section 26-10C-1, which is maintained in this state by the Department of Human Resources; or “(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.”
The mother conceded that § 30-3A-201(8) is the only provision under which Alabama could possibly attain personal jurisdiction over the alleged father. Section 30-3A-201(8) adopts the basis for personal jurisdiction provided in Rule 4.2, Ala. R. Civ. P.
It is well settled that
“[t]he extent of an Alabama court’s personal jurisdiction over a person or corporation is governed by Rule 4.2, Ala. R. Civ. P., Alabama’s ‘long-arm rule,’ bounded by the limits of due process under the federal and state constitutions. Sieber v. Campbell, 810 So.2d 641 (Ala.2001). Rule 4.2(b), as amended in 2004, states:
“‘(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States.... ’
“In accordance with the plain language of Rule 4.2, both before and after the 2004 amendment, Alabama’s long-arm rule consistently has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process. Duke v. Young, 496 So.2d 37 (Ala.1986); DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447 (Ala.1977). As this Court reiterated in Ex parte Mclnnis, 820 So.2d 795, 802 (Ala.2001) (quoting Sudduth v. *1147 Howard, 646 So.2d 664, 667 (Ala.1994)), and even more recently in Hiller Investments Inc. v. Insultech Group, Inc., 957 So.2d 1111, 1115 (Ala.2006): ‘Rule 4.2, Ala. R. Civ. P., extends the personal jurisdiction of the Alabama courts to the limit of due process under the federal and state constitutions.’ ...
“This Court discussed the extent of the personal jurisdiction of Alabama courts in Elliott v. Van Kleef, 830 So.2d 726, 730 (Ala.2002):
“‘This Court has interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution. See Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 145 (Ala.1983), and DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447, 449 (Ala.1977)....
“ ‘The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient “minimum contacts” with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant’s contacts is whether the contacts are such that the nonresident defendant “ ‘should reasonably anticipate being haled into court’ ” in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting WorldWide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).’ ”
Ex parte DBI, Inc., 23 So.3d 635, 643-44 (Ala.2009) (emphasis omitted).
Moreover, in Ex parte McNeese Title, LLC, supra, our supreme court noted the burden on the respective parties in establishing personal jurisdiction when it is at issue. Specifically,
“ ‘[our supreme court] has explained the appropriate analysis and the parties’ respective burdens on a personal-jurisdiction issue as follows. “The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant. Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004).” J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194,196 (Ala.2008).
“ ““ “In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and ‘where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.’ Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).” ’
“ ‘ “Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima facie evidentia-ry showing that the Court has no personal jurisdiction, ‘the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.’ Mercantile Capital, *1148 LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (llth Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.1995) (‘When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.’) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)).”
“ ‘Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-30 (Ala.2004) (...; footnote omitted).’
“Ex parte Excelsior Fin., Inc., 42 So.3d 96,103 (Ala.2010).
“However, when the complaint fails to allege any jurisdictional basis, ‘there is nothing in the complaint ... that the court must consider as true and that therefore places [any] burden on [the defendant] to controvert by affidavit.’ Excelsior, 42 So.3d at 104 (defendant need not present evidence of absence of jurisdiction when the complaint contains no jurisdictional averments).”
Ex parte McNeese Title, LLC, 82 So.3d at 674 (emphasis omitted).
In the present case, the mother’s complaint failed to allege any jurisdictional basis for the Alabama trial court to have in personam jurisdiction over the alleged father. Specifically, she averred that she resided in Alabama with the child, that the alleged father resided in Louisiana, that the alleged father had never resided in the same state as the child, and that the alleged father had never visited the child. Thus, the mother failed to state that the alleged father had had any contacts with Alabama. Furthermore, in his motion to dismiss, the alleged father stated that he has never resided in Alabama, that he is domiciled in Louisiana, and that he was served with the complaint in Louisiana. Therefore, the record is devoid of evidence of any contacts that the alleged father may have with Alabama to suggest that he had sufficient “minimum contacts” with Alabama or “should reasonably anticipate being haled into court” in Alabama. WorldWide Volkswagen Carp. v. Woodson, 444 U.S. 286, 291, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Additionally, in cases strikingly similar to the present case, this court has recognized that even visiting a child in Alabama is insufficient to establish minimum contacts with the state. See Coleman v. Coleman, 864 So.2d 371, 375-76 (Ala.Civ.App.2003) (this court granted the husband’s petition for a writ of mandamus and issued a writ directing the trial court to grant the husband’s motion to dismiss because, although the husband had occasionally visited the children in the State of Alabama, the husband did not have sufficient minimum contacts with the state to allow an Alabama court personal jurisdiction over him under the Uniform Interstate Family Support Act); Sena v. Sena, 709 So.2d 48, 51 (Ala.Civ.App.1998) (holding that the husband did not have “requisite contacts with Alabama for the trial court to exercise in personam jurisdiction over him,” although he had visited Alabama several times, and declaring the portion of the trial court’s judgment regarding paternity, child custody, and child support void due to the lack of jurisdiction).
In the present case, it is undisputed that the alleged father did not visit the child in Alabama. Furthermore, as stated above, the mother failed to suggest a single contact that the alleged father has had *1149 with Alabama. Thus, based on the information presented to the trial court, as well as this court, we cannot conclude that the alleged father had sufficient minimum contacts with Alabama to allow the trial court personal jurisdiction over the alleged father regarding the mother’s action.

Conclusion

For the above-stated reasons, the petition for a writ of mandamus is granted. The trial court is directed to vacate its order denying the alleged father’s motion to dismiss and to enter a new order dismissing the action.
The alleged father’s motion to strike portions of the mother’s brief in support of the mandamus petition is denied.
The mother’s countermotion to strike portions of the alleged father’s brief in support of the mandamus petition is also denied.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The mother filed an amended complaint seeking attorney fees and costs. The alleged father filed a motion to dismiss the amended complaint, asserting the same arguments contained in his original motion to dismiss.