THOMAS, Judge.
In January 2016, J.B. (“the alleged father”) commenced an action against S.Q. (“the mother”) in the Circuit Court of Martin County, Florida (“the Florida court”), seeking to establish the paternity of A.L.Q. (“the child”). The alleged father’s verified complaint initiating the action in the Florida court (“the Florida action”) averred that he and the mother were unmarried and that both were residents of Florida. He further averred that he and the mother had engaged in sexual intercourse in March, April, and May 2015 and, thus, that the child had been conceived in Florida.
In February 2016, the mother commenced a paternity and child-support action in the Jefferson Juvenile Court (“the Alabama court”), seeking to establish the alleged father’s paternity of the child and an award of child support. That action was assigned case no. CS-16-67 (“the Alabama action”). The mother alleged in her complaint in the Alabama action that she was a resident of Jefferson County, Alabama, and that the alleged father was a resident *253 of Martin County, Florida. She made no averments regarding the state in which the child was conceived.
In April 2016, the alleged father filed in the Alabama action a verified motion to dismiss. In that motion, the alleged father averred that the Alabama court lacked both subject-matter jurisdiction over the Alabama action and personal jurisdiction over him. The alleged father stated that he was a resident of Florida and that the mother did not live in Jefferson County, Alabama, as she had alleged. Thé alleged father also notified the Alabama court that the Florida action was pending in the Florida court and stated that, pursuant to Ala. Code 1975, § 30-3B-204, the Alabama court was therefore required to communicate with the Florida court.
In response, the mother filed what she entitled as a “motion to strike [the alleged father’s] motion to dismiss.” In her response, the mother contested the jurat certifying the alleged father’s verified motion, because it failed to indicate the county or state in which the motion was sworn. She also contended that the alleged father had attempted to make statements regarding facts of which he had no personal knowledge. The mother attached to her response her own affidavit, in which she stated, among other things, that she had moved to Jefferson County, Alabama, from Jensen, Florida, in February 2015. The mother also attached to her affidavit rental agreements for two different residences in Jefferson County, Alabama, at which, she said, she had resided since February 2015.
The Alabama court set the matter for a hearing to be held on August 10, 2016. After hearing arguments of counsel at the August 10, 2016, hearing, which the Alabama court conducted via telephone, the Alabama court denied the alleged father’s verified motion to dismiss. The alleged father filed a motion to reconsider the August 10, 2016, order on August 24, 2016; he attached several documents to that motion. For example, he attached to that motion a custody agreement between the mother and R.K., the father of the mother’s other child, indicating that the mother, after February 2015, had listed a Jensen, Florida, address as her residence. In addition, he provided a statement from a process server indicating that packages bearing the mother’s name and a Jensen, Florida, address were at the residence located at that address when he attempted service on the mother in February 2016. The. Alabama court had not ruled on that motion as of September 21, 2016.
On September 22, 2016; the alleged father filed this petition for the writ of mandamus. This court called for an answer, and the answer was filed on October 6, 2016. The petition was submitted for decision on October 7, 2016. The alleged father argues that the Alabama court lacks personal jurisdiction over him .and that it also lacks subject-matter jurisdiction over the Alabama action under the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), codified at Ala. Code 1975, § 30-3B-101 et seq.
We must first consider whether the jurisdiction of this court was timely invoked. Rule 21(a)(3), Ala. R. App. P., provides that a petition for the writ of mandamus is presumptively timely if it is filed within the period permitted for an appeal of a judgment of the court in which the challenged order was entered. Because this is a paternity action commenced in the Jefferson Juvenile Court, the applicable period is 14 days. See Ex parte C.J.A., 12 So.3d 1214, 1215-16 (Ala. Civ. App. 2009) The Alabama court entered its interlocutory order denying the alleged father’s verified motion to dismiss on August 10, 2016, more than 14 days before the petition was filed. Motions to reconsider an *254 interlocutory order do not toll the time for seeking review by a petition for the writ of mandamus. See Ex parte C.J.A., 12 So.3d at 1215-16; Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003). Thus, the petition was not timely filed.
Pursuant to Rule 21(a)(3), “[i]f a petition is filed outside th[e] presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.” The alleged father has included a statement regarding timeliness with his petition. As we explained in Ex parte Fiber Transport, L.L.C., 902 So.2d 98, 100-01 (Ala. Civ. App. 2004), a. party seeking to convince this court to consider an untimely filed petition should discuss the factors set out in
“[t]he ‘Committee Comments to Amendments to Rule 21(a) and 21(e)(4)[, Ala. R. App. P.,] Effective September 1, 2000,’ [which are as follows]:
“ ‘[T]he prejudice to the petitioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.’ ”
The alleged father states the following as reasons for this court to disregard the untimeliness of his petition: that the Alabama judge had been on leave for several months, that the parties were unaware that the August 10, 2016, hearing would be conducted via telephone until the date of the hearing, that the Alabama court was unable to view the alleged father’s evidence because- the. hearing was conducted via telephone, that the alleged father “fully anticipated [the Alabama] court’s dismissal of the case for lack of jurisdiction” based on the motion to reconsider, and that, despite having been provided documentary evidence in support of the motion to reconsider, the Alabama court had neither set the motion for a hearing nor ruled on the motion within 14 days. The alleged father also relies on the fact that the prejudice to him will be considerable, because, he says, he will be required to litigate the Alabama action, in violation of his due-process rights, while, he states, “the mother will face little prejudice.” Regarding the “impact on the timely administration of justice” in the Alabama court, the alleged father contends that the timely administration of justice “will be served by prompt and final ruling” on this petition.
We begin our analysis regarding the timeliness of the alleged father’s petition with the recognition that our supreme court recently determined that, in situations in which a petition for the writ of mandamus challenges the subject-matter jurisdiction of the court in which the challenged interlocutory order was rendered, the petition need not timely invoke the jurisdiction of the appellate court. Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016). Instead, relying on the principle that an appellate court may review the issue of subject-matter jurisdiction regardless of whether that issue was raised in the trial court or even on appeal, our supreme court stated that subject-matter jurisdiction could be raised ex mero motu at any time despite the lack of a timely filed petition invoking the appellate court’s jurisdiction, Ex parte K.R., 210 So.3d at 1112. Thus, regarding the alleged father’s issue relating to the subject-matter jurisdiction of the Alabama court, we must consider that issue regardless of the fail *255 ure of the alleged father to timely invoke our jurisdiction.
As noted, the alleged father makes other arguments in his petition. He argues that the Alabama court lacks personal jurisdiction over, him and that the Alabama court violated a provision of the UCCJEA by failing to communicate with the Florida court. See Ala. Code 1975, § 30-3B-206(b) (requiring a court facing a simultaneous proceeding in another state that appears to be exercising jurisdiction in conformity with the UCCJEA to “stay its proceeding and communicate with the court of the other state”). Those arguments are not arguments pertaining to the subject-matter jurisdiction of the Alabama court.and, therefore, could be rejected merely because the petition was untimely filed. Ex parte K.R., 210 So.3d at 1111-12. However, we may entertain all the issues raised in the petition if we conclude that the alleged father has asserted “good cause” for us to do so despite the untimeliness of the petition.
As noted, the alleged father’s statement regarding timeliness focuses on the unusual nature of the proceeding in the Alabama court and his attempt to have the interlocutory order reconsidered. We conclude that the facts and circumstances relating to the Alabama court’s conducting the hearing via telephone and its subsequent failure to hold a hearing on the motion to reconsider or to grant the motion to reconsider “are not relevant to the issue whether [the alleged father] ha[s] stated circumstances constituting ‘good cause’ for [his] delay in filing [the] petition for a writ of mandamus.” Ex parte Fiber Transp., 902 So.2d at 101. It is well settled that a motion to reconsider - does not toll the time to file a petition for the writ of mandamus, id. at 99-100, so we, cannot conceive of allowing the petitioner’s belief that a trial court would grant a motion to reconsider, and the petitioner’s surprise when it does not, to form a basis for permitting the petitioner to seek mandamus review outside the presumptively reasonable time for- doing so. However, the alleged. father makes further arguments relating to prejudice and “the impact on the timely administration of justice,” which are factors that this court should consider when determining whether a petitioner has established good cause for the consideration of an untimely petition under Rule '21(a)(3). See Ex parte Fiber Transp,, 902 So.2d at 100-01.
The alleged father asserts that he will suffer prejudice resulting from the potential loss of his .ability to seek mandamus review of the denial of his motion to dismiss. Specifically, he contends that he will be forced to litigate this matter in the Alabama court despite the violation of his due-process rights resulting from the Alabama court’s improperly exercising personal jurisdiction over him. He mentions also that the Florida action will not proceed until the Alabama action is resolved. He further asserts, albeit in a conclusory fashion, that our consideration of his untimely petition will not prejudice the mother, ' perhaps because the parties seek the same basic relief—that the alleged father be declared the father of the child. In addition, as we have explained, the alleged father’s petition, insofar as it challenges the subject-matter jurisdiction of the Alabama court, must be considered despite the untimely filing of the petition; thus, we consider that we have pending before us “other' proceedings relating to the same action, and as to which the jurisdiction of the appellate court [may not be] []challenged.” Committee Comments to Amendments to Rule 21(a) and 21(e)(4), ■ Ala. R. App. P., effective September 1, 2000. Based on these facts and circumstances, we conclude that the alleged father’s state *256 ment regarding timeliness establishes good cause for our consideration of the petition despite its being filed outside the presumptively reasonable time for its filing, and, therefore, each of the issues raised in the alleged father’s petition are validly before us for our consideration.
The alleged father first argues that the Alabama court lacks personal jurisdiction over him.
“ ‘ “[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction.” Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala. 2003). “A petitioner may be entitled to a writ of mandamus in such a case upon a showing of a clear legal right to an order dismissing the action against it.” Ex parte First Western Bank, 898 So.2d 701, 704 (Ala. 2004). “ ‘The burden of establishing a clear legal right to the relief sought rests with the petitioner.’” Ex parte Dangerfield, 49 So.3d 675, 680 (Ala. 2010) (quoting Ex parte Metropolitan Prop. & Cas. Ins. Co., 974. So.2d 967, 972 (Ala. 2007)).’ ”
Ex parte W.C.R., 98 So.3d 1144, 1145 (Ala. Civ. App. 2012) (quoting Ex parte McNeese Title, LLC, 82 So.3d 670, 673 (Ala. 2011)).
The bases for personal jurisdiction over a nonresident defendant in a paternity action are set out in Ala. Code 1975, § 30-3D-201:
“(a) In a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual’s guardian or conservator if:
“(1) the individual is personally ' served with summons within this state;
“(2) the individual submits to the jurisdiction of this state by consent in a record, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
“(3) the individual resided with the child in this state;
“(4) the individual resided in this state and provided prenatal expenses or support for the child;
“(5) the child resides in this state as a result of the acts or directives of the individual;
“(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
“(7) the individual asserted parentage of a child in the putative father registry maintained in this state by the Department of Human Resources; or
“(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.”
The alleged father contends that the mother’s complaint in the Alabama action fails to assert any basis under § 30-3D-201 for personal jurisdiction over him. Indeed, the mother’s complaint avers only that the alleged father lives in Florida, that he and the mother are not married, that he has held out the child to be his natural child, and that he has a duty to support the child. At the conclusion of her complaint, the mother requests that the alleged father be served at an address in Florida. The complaint reveals no connection between the alleged father and the State of Alabama.
In his verified motion to dismiss, the alleged father states that he resides in Florida. He also avers that he has never *257 lived in Alabama. In her response to the alleged father’s motion to dismiss, the mother barely addresses his personal-jurisdiction challenge, stating in her response only that “jurisdiction does not lie where the child was conceived but with the residency of [the mother].” Similarly, in her answer to the alleged father’s petition for the writ of mandamus, the mother reiterates that jurisdiction in Jefferson County, Alabama, is proper because she resides there.
We considered the application of Ala. Code 1975, former § 30-3A-201, the precursor statute to § 30-3D-201, in Ex parte W.C.R., 98 So.3d 1144 (Ala. Civ. App. 2012), which is quite similar to the instant case. The complaint initiating the action in Ex parte W.C.R. was filed by N.L.J., the mother of a child born out of wedlock; she requested a paternity determination and child support. Ex parte W.C.R., 98 So.3d at 1145. N.L.J. alleged in her complaint that W.C.R. was the father of the child; he was served in Louisiana. Id W.C.R. appeared specially in the action and moved to dismiss the action based on lack of personal jurisdiction over him. Id The trial court, after a hearing, denied W.C.R.’s motion, and he sought review of that denial by filing a petition for the writ of mandamus. Id.
We explained in Ex parte W.C.R. that former § 30-3A-201 set out the bases for jurisdiction over a defendant in a paternity and child-support action. Id. at 1146. The bases under § 30-3A-201 were identical to those that now appear in §'30-3D-201. W.C.R. contended that no basis existed for the exercise of personal jurisdiction over him. Id. at 1145. N.L.J. agreed that the only possible basis for jurisdiction over W.C.R. was that set out in former § 30-3A-201(8). Id. at 1146.
We determined that no basis for personal jurisdiction over W.C.R. existed, explaining as follows:
“It is well settled that
“ ‘[t]he extent of an Alabama court’s personal jurisdiction over a person or corporation is governed by Rule 4.2, Ala. R. Civ. P., Alabama’s “long-arm rule,” bounded by the limits of due process under the federal and state constitutions. Sieber v. Campbell, 810 So.2d 641 (Ala. 2001). Rule 4.2(b), as amended in 2004, states:
“ ‘ “(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States....”
“ ‘In accordance with the plain language of Rule 4.2, both before and after the 2004 amendment, Alabama’s long-arm rule consistently has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process. Duke v. Young, 496 So.2d 37 (Ala. 1986); DeSotacho, Inc. v. Valnit Indus., Inc., 350 So.2d 447 (Ala. 1977). As this Court reiterated in Ex parte McInnis, 820 So.2d 795, 802 (Ala. 2001) (quoting Sudduth v. Howard, 646 So.2d 664, 667 (Ala. 1994)), and even more recently in Hiller Investments Inc. v. Insultech Group, Inc., 957 So.2d 1111, 1115 (Ala. 2006): “Rule 4.2, Ala. R. Civ. P., extends the personal jurisdiction of the Alabama courts to the limit of due process under the federal and state constitutions.” ...
*258 ‘“This Court discussed the extent of the personal jurisdiction of Alabama courts in Elliott v. Van Kleef, 830 So.2d 726, 730 (Ala. 2002):
““‘This Court has interpreted the due .process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution. See Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 145 (Ala. 1983), and DeSotacho, Inc. v. Valnit Indus., Inc., 1350 So.2d 447, 449 (Ala. 1977)....
“‘“The Due Process Clause of the Fourteenth Amendment permits a forum state to subject a nonresident defendant to its courts only when that defendant has sufficient ‘minimum contacts’ with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The critical question with regard to the nonresident defendant’s contacts is whether the contacts are such that the nonresident defendant ‘ “should reasonably anticipate being haled into court” ’ in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), quoting WorldWide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).” ’
“Ex parte DBI, Inc., 23 So.3d 635, 643-44 (Ala. 2009) (emphasis omitted),
“Moreover, in Ex parte McNeese Title, LLC, [82 So.3d 670 (Ala. 2011)], our supreme court noted the burden on the respective parties in establishing personal jurisdiction when it is at issue. Specifically,
“‘“[our supreme court] has explained the appropriate analysis and the parties’ respective burdens on a personal-jurisdiction issue as follows. ‘The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant, Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala. 2004).’ J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala. 2008).
“ ““ “ ‘In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir. 1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir. 1990), and “where the plaintiff s. complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff,” Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).’ ”
“ ‘ “ Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala. 2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala. 2001)). However, if the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, “the plaintiff .is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.” Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D. Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D. *259 Del. 1995) (“When a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.”) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984)).’
“ ‘ “Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-30 (Ala. 2004) (...; footnote omitted).”
“‘Ex parte Excelsior Fin., Inc., 42 So.3d 96, 103 (Ala. 2010).
“ ‘However, when the complaint fails to allege any jurisdictional basis, “there is nothing in the complaint..., that the court must consider as true and that therefore places [any] burden on [the defendant] to controvert by affidavit.” Excelsior, 42 So.3d at 104 (defendant need not present evidence of absence of jurisdiction when the complaint contains no jurisdictional averments).’
“Ex parte McÑeese Title, LLC, 82 So.3d at 674 (emphasis omitted).
“In the. present case, [N.LJ.’s] complaint failed to allege any jurisdictional basis for the Alabama trial court to have in personam jurisdiction over [W.C.R.]. Specifically, she averred that she resided in Alabama with the child, that [W.C.R.] resided in Louisiana, that [W.C.R.] had never resided in the same state as the child, and that [W.C.R.] had never visited the child. Thus, [N.L.J.] failed to state that [W.C.R.] had had any contacts with Alabama, Furthermore, in his motion to dismiss, [W.C.R,] stated that he has never resided in Alabama, that he is domiciled in Louisiana, and that he was served with the complaint in Louisiana. Therefore, the record is devoid of evidence of any contacts that [W.C.R.] may have with Alabama to sugr gest that he had sufficient ‘minimum contacts’ with Alabama or ‘should reasonably anticipate being haled into court’ in Alabama. World-Wide Volkswagen Corp. v. Woodson, 444 U.S, 286, 291, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).”
Ex parte W.C.R., 98 So.3d at 1146-48.
Much like the situation presented in Ex parte W.C.R., the materials before us in the present matter provide no foundation for a determination that the Alabama court has a basis for exercising personal jurisdiction over the alleged father. The allegations in the mother’s complaint and the alleged father’s assertions in his verified motion to dismiss reveal, without dispute, that the alleged father is a resident of Florida. The mother has made no allegation that the alleged father has ever been to Alabama, that the child was conceived in Alabama, or that the alleged father’s “acts or directives” resulted in the child’s residency in this state. § 30r-3D-201(a). Thus, under § 30-3D-201(a), the only possible basis for the Alabama court’s jurisdiction is under subsection (8). However, neither the complaint nor any other materials before us contain allegations indicating that the 'alleged father has had any, much less minimum, contacts with Alabama.[1]
*260 Based on Ex parte W.C.R., we conclude that the mother has failed in her burden to prove that the Alabama court has a basis for exercising personal jurisdiction over the alleged father. The alleged father has demonstrated a clear, legal right to the relief he seeks. The Alabama court is therefore ordered to dismiss the Alabama action. In light of our resolution of the alleged father’s personal-jurisdiction challenge, we pretermit discussion of the other issues raised in his petition. See Ex parte Chatham, 109 So.3d 662, 663 (Ala. Civ. App. 2012) (pretermitting other issues after resolution of an issue dispositive of the petition).
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

. Thus, the alleged father was not required to rebut the mother's jurisdictional averments with evidence, see Ex parte W.C.R., 98 So.3d at 1148 (quoting Ex parte McNeese Title, LLC, 82 So.3d 670, 674 (Ala. 2011), quoting in turn Ex parte Excelsior Fin., Inc., 42 So.3d 96, 104 (Ala. 2010)), and we need not determine whether the missing information on the jurat certifying the alleged father's verified motion to dismiss resulted in that motion being unverified,